IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

```
                                    ╭─ UNITED STATES DISTRICT COURT ─╮
                                             FILED
                                          JUN - 6 2025
                                      MARY C. LOEWENGUTH, CLERK
                                        WESTERN DISTRICT OF NY
```

UNITED STATES OF AMERICA

        v.                                    25-mj-*1297*

MICHAEL SINATRA,

        Defendant.

## PLEA AGREEMENT

The defendant, MICHAEL SINATRA, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 26, United States Code, Section 7203 (Failure to File Tax Return) for which the maximum possible sentence is a term of imprisonment of one year, a fine of $100,000, a mandatory $25 special assessment and a term of supervised release of 1 year. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 1 year without credit for

time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.  The defendant was a person required to file a tax return;

   b.  The defendant failed to file at the time required by law; and

   c.  The failure to file was willful.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.    During the calendar year 2020, in the Western District of New York, the defendant, MICHAEL SINATRA ("SINATRA"), a resident of Tonawanda, New York, received gross income from the operation of his business, to wit: Sinatra Landscaping and Snowplowing. By reason of such gross income, the defendant was required by law, following the close of calendar year 2020, and on or before May 17, 2021, to make an income tax return to the Internal Revenue Service, in Kansas City, Missouri, or to another Internal Revenue Service Office permitted by the Commissioner of Internal Revenue, stating specifically the items of the defendant's gross income and any deductions and credits to which the defendant was entitled. Well knowing and believing all of the foregoing, the defendant did willfully fail, on or about May 17, 2021, in the Western District of New York, and elsewhere, to make an income tax return.

2

b.  Specifically, during calendar year 2020, SINATRA earned income through the operation of his business, Sinatra Landscaping and Snowplowing, which he was required to report on Schedule C of an IRS Form 1040 (U.S. Individual Income Tax Return). The tax return for calendar year 2020 was required to be filed with the IRS on or before May 17, 2021. However, SINATRA willfully failed to file the Form 1040 for tax year 2020, and in that manner, failed to disclose that he had earned approximately $81,186.51 in income from his business, on which income he failed to pay the IRS approximately $18,355 in taxes. SINATRA admits that the approximately $81,186.51 in income represented cash payments made by customers for work done by his business and that he offered a discount to customers who paid by cash. SINATRA further admits that he failed to disclose such cash sales to his tax preparer. Specifically, SINATRA did not deposit cash payments into his business account, which is the only account he disclosed to his tax preparer for use in calculating his taxable business receipts for a given tax year.

c.  While SINATRA did file tax returns for tax years 2019 and 2021, he failed to report all of his income, that is, he failed to report cash payments he received for work performed by his business during those tax years. The amount of underreported income for tax year 2019 was approximately $74,975.52, resulting in a tax loss of approximately $22,631. The underreported income for tax year 2021 was approximately $50,353.38, resulting in a tax loss of approximately $12,866. SINATRA admits that the total tax loss for tax years 2019, 2020, and 2021 was approximately $53,852.

## III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2T1.1(a)(1), 2T1.1(c)(2), and 2T4.1(E) (total tax loss greater than $40,000) apply to the offense of conviction and provide for a base offense level of 14.

## ACCEPTANCE OF RESPONSIBILITY

7.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 12.

## CRIMINAL HISTORY CATEGORY

8.      It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## ADJUSTMENT FOR ZERO-POINT OFFENDER

9.      It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guidelines Section 4C1.1(a)(1) – (11) (Adjustment for Certain Zero-Point Offenders), and as a result, a two-level downward adjustment applies, and the adjusted offense level is 10.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10.     It is the understanding of the government and the defendant that, with a total offense level of 10 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 6 to 12 months, a fine of $4,000 to $40,000, and a period of

supervised release of 1 year. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

11.   The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

12.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

13.   In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.   STATUTE OF LIMITATIONS

14.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further

agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

15.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

16.    The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives

6

any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

17.    At sentencing, the government agrees not to oppose the imposition of a sentence of probation.

18.    The government reserves the right to take a position as to the amount and method of payment for restitution and/or fine.

19.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and

statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20.     The government agrees that the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for possession of controlled substances in violation of Title 21, United States Code, Section 844, or being an unlawful user of controlled substances in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(3), committed in the Western District of New York on August 12, 2021.

21.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## FINE SECTION

22.     It is the agreement of the parties pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a fine of at least $40,000, as part of the appropriate sentence in this case. The defendant agrees that the approximately $232,680 in cash recovered by law enforcement officers from the defendant's residence located at 2802 Colvin Boulevard, Town of Tonawanda, New York, on August 17, 2021, will be applied toward the fine. This agreement applies only to the amount of the fine and does not affect the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

## VII.    RESTITUTION AND PAYMENT OF TAX LIABILITY

23.    The defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $53,852, pursuant to Title 18, United States Code, Section 3663(a)(3), plus interest on the tax from the due date of the tax return at the rates specified in Title 26, United States Code, Sections 6621 and 6622. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court. The restitution has been calculated as follows:

|  | **2019** | **2020** | **2021** |
|---|---|---|---|
| *Tax Due & Owing* | $22,631.00 | $18,355.00 | $12,866.00 |
| *Penalties* | $16,973.25 | $13,766.25 | $9,649.50 |
| *Interest Calculated thru 03/15/25* | $11,877.46 | $8,388.71 | $5,056.76 |
| *Total Per Year* | $51,481.71 | $40,509.96 | $27,572.26 |
| *Grand Total :* |  |  | **$119,563.93** |

24.    The defendant agrees to pay Title 26 interest on the restitution amount, and the interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing.  The government will provide an updated interest figure at sentencing.

25.    The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's underlying conduct.

26.    The defendant agrees to pay restitution by making payment as ordered by the Court in any restitution order entered pursuant to this plea agreement.

27.    If the Court orders the defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment.  *See* Title 26 United States Code, Section 6201(a)(4).  The defendant does not have the right to challenge the amount of this assessment.  *See* Title 26, United States Code, Section 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under Title 26, United States Code, Section 6331.

28.    The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

29.    The defendant agrees that the defendant will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that the defendant agrees to pay as restitution.  The defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

30.    The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

31.    The defendant agrees that the defendant is liable for the fraud penalty under Title 26, United States Code, Section 6663, or Title 26, United States Code, Section 6651(f) on the amount to be credited to tax set forth above.  The defendant agrees to the immediate assessment of the fraud penalty on the amount to be credited to the tax set forth above and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, any IRS forms the defendant agreed to sign as set forth above will include the appropriate amount of the fraud penalty.  The defendant agrees not to challenge or dispute any fraud penalties on the amount to be credited to tax set forth above.

32.    The parties understand that the defendant will receive proper credit, consistent with the above, for the payments made pursuant to this agreement.  Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from the defendant for the time periods covered by this agreement or any other time period.

33.    The defendant agrees that this agreement, and any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

34.    The defendant understands that the defendant is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate

11

information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to the defendant's particular liability.

35.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

12

36.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be: (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

37.     Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, and the Internal Revenue Code.   The government hereby provides the defendant with notice that 60 days after sentencing, unless the monetary judgment(s) ordered by the Court are paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

38.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the

judgment. Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

39. The defendant understands and agrees that under Title 18, United States Code, Section, 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section, 3664(n), if the defendant is ordered to pay restitution, or pay a fine, and receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

40. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

41. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligations of the defendant pursuant to the judgment of the Court.

14

42.    The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under United States Sentencing Guidelines § 3E1.1.

## VIII.  APPEAL RIGHTS

43.    The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional; and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

44.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of 6 to 12 months, a fine of $40,000, and a period of supervised release of 1 year, notwithstanding the manner in which the Court determines the sentence.  The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice,

including from a recommendation by the Probation Office in the Presentence Investigation Report, and an opportunity to object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

45.     The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

46.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of 6 to 12 months, a fine of $40,000, and a period of supervised release of 1 year, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.    FORFEITURE PROVISIONS

### ABANDONMENT

47.    The defendant agrees to voluntarily abandon the following items seized on January 28, 2019: (i) Red iPhone with charger; (ii) Black iPhone with gold and black case charger; (iii) Black and silver iPhone; (iv) Black and silver iPhone (damaged); (v) Black and silver iPhone with Otter Box case; and (vi) Black flip phone, and the following items seized from the defendant's residence, on or about August 17, 2021, at 2802 Colvin Boulevard, Tonawanda, New York 14150 during the criminal investigation associated with this matter: (i) One Mossberg 20 gauge with pistol grip, model 500, serial number V0969832; and (ii) 25 rounds of 20 gauge shotgun ammunition. The defendant waives any and all rights or interest to which the defendant may still possess in the aforementioned property or for which the defendant may have a claim.


48.    The defendant further understands that the government and any law enforcement agency acting on behalf of the government may in its discretion, destroy the aforementioned property.


49.    The defendant agrees that the above property is subject to abandonment, and agrees to waive all statutory and constitutional rights, including but not limited to, time restrictions and notice provisions with respect to the abandonment of the aforementioned property.

50.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the aforementioned property survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

51.     The defendant agrees that if, for any reason, in any pleadings before the Court, or any order of the Court, including but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary, and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## TOTAL AGREEMENT AND AFFIRMATIONS

52.     This plea agreement represents the total agreement between the defendant, MICHAEL SINATRA, and the government. There are no promises made by anyone other

18

than those contained in this agreement.   This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
JOSEPH M. TRIPI
Assistant United States Attorney

Dated: June 6, 2025

I have read this agreement, which consists of pages 1 through 19.  I have had a full opportunity to discuss this agreement with my attorney, Herbert L. Greenman, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
MICHAEL SINATRA
Defendant

Dated: June 6, 2025

_____
HERBERT L. GREENMAN, ESQ.
Attorney for the Defendant

Dated: June 6, 2025